UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Amer Elhindi
and other similarly situated
individuals,

    Plaintiff(s),

v.

Larry's Express Corporation,
and Larry Rodriguez, individually

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Amer Elhindi and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Larry's Express Corporation and Larry Rodriguez, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States' laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Amer Elhindi is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Larry's Express Corporation (from now on, Larry's Express, or Defendant) is a Florida corporation registered to do business in Florida. Defendant has a place of business

in Miami- Dade County within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Larry Rodriguez was and is now the owner/partner and operator of Larry's Express. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint occurred in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Amer Elhindi as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of himself, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

7. The employer Larry's Express was engaged in interstate commerce within the meaning of the Fair Labor Standards Act, and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a freight shipping and trucking company. The Employer /Defendant has more than two employees directly and recurrently engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, and transmits funds outside the State of Florida. Upon

information and belief, the annual gross revenue of the Employer/Defendant is more than $500,000 per annum. Therefore, there is enterprise coverage.

8. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a delivery driver and warehouse employee. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by receiving, shipping, handling, and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

9. Defendants Larry's Express and Larry Rodriguez employed Plaintiff Amer Elhindi as a non-exempted, full-time employee, from approximately January 25, 2022, to July 20, 2022, or 25 weeks.

10. Plaintiff had duties as a delivery driver, warehouse, and cleaning employee. Plaintiff delivered medical supplies to hospitals.

11. Plaintiff was paid a daily rate of $150.00. Sometimes Plaintiff was paid $30.00 or $50.00 additional for complicated deliveries.

12. Plaintiff drove within the same week vehicles weighing more than 10,000 # and vehicles weighing less than 10,000 # (a Company van and his personal vehicle).

13. Consequently, Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and he was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

14. During his employment with Defendants, Plaintiff worked six days weekly, from Monday to Saturday, on a regular schedule. Plaintiff worked from Monday to Friday, from 3:00 AM to 3:00 PM (12 hours each day), and on Saturdays, Plaintiff worked from 5:00 AM to 11:00 PM (6 hours). Thus, during the week, Plaintiff worked an average of 66 hours.

15. Plaintiff was paid only his daily rate, regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

16. Plaintiff did not clock in and out, but Defendants was in complete control of Plaintiff's schedule. Thus, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid with checks, without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, etc.

19. On or about July 20, 2022, Plaintiff resigned from his position because he was not receiving overtime compensation and received late payments.

20. Plaintiff Amer Elhindi seeks to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half his regular rate.

23. This action is intended to include every delivery driver, warehouse employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff Amer Elhindi re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

25. This action is brought by Plaintiff Amer Elhindiand those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

26. Defendants, Larry's Express and Larry Rodriguez, employed Plaintiff Amer Elhindi as a non-exempted, full-time employee, from approximately January 25, 2022, to July 20, 2022, or 25 weeks.

27. Plaintiff had duties as a delivery driver, warehouse, and cleaning employee. Plaintiff delivered medical supplies to hospitals.

28. Plaintiff was paid a daily rate of $150.00. Sometimes Plaintiff was paid $30.00 or $50.00 additional for complicated deliveries.

29. Plaintiff drove within the same week vehicles weighing more than 10,000 # and vehicles weighing less than 10,000 #  (Company's van and his personal vehicle).

30.  Consequently, Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and he was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

31. During his employment with Defendants, Plaintiff worked six days weekly, from Monday to Saturday, a total of 66 hours.

32. Plaintiff was paid only his daily rate, regardless of the number of hours worked during the week. Plaintiff was not compensated for overtime hours as required by law.

33. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they could track the number of hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid with checks, without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, etc.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim to include any additional amount received as a daily rate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Four Thousand Four Hundred Thirty-Three Dollars and 00/100 ($4,433.00)

    b. <u>Calculation of such wages</u>:

        Total period of employment: 25 weeks
        Relevant weeks of employment:  25 weeks
        Total number of days worked: 6 days weekly
        Total hours worked: 66 hours weekly average
        Total unpaid O/T hours:  26 overtime hours
        Daily rate: $150.00 x 6 days=$900.00 weekly: 66 hours=$13.64
        Regular rate: $13.64: 2=$6.82 an hour
        Half-time O/T rate= $6.82

        $6.82 x 26 O/T hours=$177.32 weekly x 25 weeks=$4,433.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents unpaid overtime wages.

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to pay them at the rate of time properly and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. At times mentioned, individual Defendant Larry Rodriguez was and is now the owner/director and manager of Defendant Corporation Larry's Express. Individual Defendant Larry Rodriguez had absolute operational control of Larry's Express. Individual Defendant Larry Rodriguez was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Larry's Express concerning its employees, including Plaintiff and others similarly situated. He is jointly and severally liable for Plaintiff's damages.

43. Defendants Larry's Express and Larry Rodriguez willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Amer Elhindi and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Amer Elhindi and other similarly situated individuals and

against Defendants Larry's Express and Larry Rodriguez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Amer Elhindi actual damages, in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Amer Elhindi demands a trial by a jury of all issues triable as a right by a jury.

Dated:  November 15, 2022

                                        Respectfully submitted,

                                        By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*